UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:19-cr-232-VMC-SPF

JORGE LUIS BONE LINDAO

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Jorge Luis Bone Lindao's pro se construed Motion for Compassionate Release (Doc. # 107), filed on July 15, 2021. The United States responded on August 4, 2021. (Doc. # 111). For the reasons set forth below, the Motion is denied.

**I. Background**

In October 2019, the Court sentenced Bone Lindao to 108 months' imprisonment for conspiring to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States. (Doc. # 93 at 1-2). Bone Lindao is thirty-nine years old and is projected to be released from McRae Correctional Institution on January 10, 2027. (Doc. # 111 at 2).

In the Motion, written in Spanish, Bone Lindao seeks compassionate release from prison, presumably under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because

1

of his pre-existing medical conditions and COVID-19. (Doc. # 107 at 1-2). The United States has responded (Doc. # 111), and the Motion is now ripe for review.

## II. Discussion

The United States argues that the construed Motion should be denied because Bone Lindao "has not demonstrated 'extraordinary and compelling reasons' warranting release." (Doc. # 111 at 6). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). The Court construes Bone Lindao's Motion as arguing that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of

compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Even if Bone Lindao has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling. The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Bone Lindao bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7,

2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Bone Lindao's medical records indicate that he has HIV, as well as some other minor medical conditions. (Doc. # 111 at 7; Doc. # 111-2 at 1). However, even combined with the COVID-19 pandemic, Bone Lindao has not demonstrated that his HIV diagnosis – or his other minor conditions – substantially diminishes his ability to provide self-care in prison. USSG § 1B1.13, comment. (n.1); see also United States v. Jackson, No. 3:15-cr-185-MMH-PDB, 2021 WL 62494, at *1-2 (M.D. Fla. Jan. 7, 2021) (denying compassionate release for an inmate who had high cholesterol and asymptomatic HIV); United States v. Richardson, No. 5:18-cr-00291-3, 2021 WL 1526431, at *5-7 (E.D. Pa. Apr. 19, 2021) (denying a defendant's motion for compassionate release who suffered from hypertension, high blood pressure, anxiety, and a positive HIV diagnosis).

Bone Lindao's medical records indicate that he falls within the "asymptomatic" HIV classification. (Doc. # 112-2 at 9). Bone Lindao is fully vaccinated against COVID-19. (Doc. # 111-2 at 3). Additionally, he has been offered HIV medication while in custody, but has refused to take it. (Doc. # 111-2 at 5); see United States v. Gainfelli, --- F. Supp. 3d ----, 2021 WL 1340970, at *2 (D. Mass. Apr. 9, 2021)

4

("Although defendant has the right to refuse medical treatment, this Court will not reward such refusal . . . with a get-out-of-jail card."). And, even if the Court could consider any "other reasons" warranting compassionate release, Bone Lindao has not otherwise established that his circumstances are extraordinary and compelling.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. The nature and circumstances of this case involved the attempted smuggling of over 600 kilograms of cocaine. (Doc. # 49 at 21; Doc. # 111 at 12). Over five years of Bone Lindao's term of incarceration remain and the need for deterrence weighs heavily against release at this time. (Doc. # 111 at 2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Jorge Luis Bone Lindao's pro se construed Motion for Compassionate Release (Doc. # 107) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of August, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5